IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | |
| Plaintiff, | **8:22CV229** |
| vs. | |
| RECORDS DEPARTMENT OF HEALTH AND HUMAN SERVICES; TERESSA LAST NAME UNKNOWN; TIA LAST NAME UNKNOWN; DEVELOPMENTAL DISABILITY SERVICES; BRYAN WEST HOSPITAL, of Lincoln, NE Psychiatric Adult Unit; DOCTOR SYDICI, and DOCTOR SHA, of the Lasting Hope Recovery Center; | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court on its own motion. On July 7, 2022, the Court required Plaintiff Austin Edward Lightfeather to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action, Filing No. 6, as this Court has identified three or more federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim as follows:

- *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint);

- *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint on May 24, 2021, for failure to state a claim and for being frivolous);

- *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, Memorandum and Order and Judgment dismissing Plaintiff's complaint on May 19, 2021, as frivolous).

Filing No. 6 at CM/ECF p. 1. After considering Plaintiff's response to the court's show cause order,[1] the Complaint, and the IFP motions,[2] the Court finds his allegations fail to establish a threat of serious injury sufficient to overcome the "three strikes" bar to proceeding IFP as set forth in the Prison Litigation Reform Act ("PLRA").

---

[1] Based on the contents of the documents filed after the show cause order was entered it is unclear whether Plaintiff intended for them to be deemed responsive to the show cause order. *See* Filing Nos. 8, 9 & 10. As Plaintiff is acting pro se, the Court shall consider them here.

[2] Plaintiff does address the prior strikes issue in his IFP motions, arguing that "under the 14th Amendment [he has] given good cause showing why [his] bases motioned into US District Court are not strikes against [his] record." Filing No. 5 at CM/ECF p. 1. However, Plaintiff makes no mention of any physical harm, imminent or otherwise, arguing only that his case should proceed under the 5th and 9th Amendments, that he is incarcerated and unable to work resulting in his inability to pay any fees including mailing fees, and that the Clerk's Office failed to provide him a "1983 Act form." *Id.*; *see also* Filing No. 7.

The PLRA prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

In his Complaint, Plaintiff alleges that the defendants "distorted" or otherwise withheld documents from his file relating to his autism diagnosis including his guardianship file and his financial and clinical records resulting in the withdrawal of services from the Department of Health. Filing No. 1 at CM/ECF pp. 1–2. Plaintiff seeks return of the related documents to establish visitation with his daughter and to allow his autism diagnosis to be considered in several other cases filed in this Court. *Id.* at CM/ECF p. 3.

Plaintiff also filed several documents on July 14, July 15, and July 28, 2022, after the Court issued the order to show cause. Filing Nos. 8, 9, & 10. In his correspondence dated July 14 and July 15, 2022, Plaintiff requests that the Court disregard a prior request to add Lincoln Regional Center as a defendant in this case and seeks to resolve any confusion relating to a letter he sent on July 5, 2022, in another pending case. Filing No. 8; Filing No. 9. While neither document addresses his IFP motions in relation to the order to show cause, they contain notifications that he filed two separate IFP motions in this case, and that he "hope[s] the Courts approve[s]" them. Filing No. 8 at CM/ECF p. 2; Filing No. 9 at CM/ECF p. 1. On July 25, 2022, Plaintiff filed an additional document informing the Court he asked "the workers to send your clerk a check for the Amount

3

owed in . . . In Forma pauperous [sic] payments" from a disability account, Filing No. 10, presumably in the event his IFP motion was approved.

The Plaintiff does not allege any facts indicating he is currently suffering physical injury or facing future physical injury in either his Complaint or in any documents he submitted after the order to show case was entered by the Court. While Plaintiff alleges in his Complaint that the "state withdrew services" from him, he offers no description of the withdrawn services or their nature, physical or otherwise. Filing No. 1 at CM/ECF p. 2. Therefore, Plaintiff cannot satisfy the imminent danger of serious physical injury standard as he makes no claim of actual or potential physical harm.

For the foregoing reasons, the court finds that Plaintiff has failed to demonstrate that he is under imminent danger of serious physical harm and he, therefore, is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g). Because Plaintiff has not paid the $402.00 filing and administrative fees and for lack of good cause shown, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Motions for Leave to Proceed in Forma Pauperis, Filing No. 7; Filing No. 5, are denied.

2.      This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3.      Any notice of appeal filed by Plaintiff must be accompanied by the $505.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.

Dated this 18th day of August, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge